BRYANT STATION & L. TPK. CO. *v.* P. P. JOHNSTON.

[Abstract Kentucky Law Reporter, Vol. 3—536, as Bryant Station T. P. R. Co. v. Johnston.]

**Act of the Legislature as a Contract.**

An act of the legislature approved January 31, 1870 (Acts 1869-70 p. 205, Ch. 220), for the benefit of the Bryant Station and Lexington Tpk. Co., was a mere gratuity, possessing none of the elements of a contract binding upon the state, but conferring on the company an exclusive privilege not possessed by other companies. The legislature had the right thereafter to repeal such act and leave the company to operate under the general laws.

APPEAL FROM FAYETTE COURT OF COMMON PLEAS.

January 24, 1882.

OPINION BY JUDGE LEWIS:

By an act of the general assembly approved January 31, 1870, (1 Acts 1869-70, p. 205, Ch. 220), entitled "An act for the benefit of the Bryant Station & Lexington Turnpike Road Company," appellant was authorized to charge certain rates of toll which were in excess of the rates the legislature subsequently deemed reasonable and just, and in excess of the rates prescribed by Gen. Stat. (1881), Ch. 110, § 3, Subsec. 3, and an act approved March 19, 1878 (1 Acts 1878, Ch. 575), to be charged by all other turnpike road companies in this commonwealth incorporated since the year 1856.

It appears appellant was incorporated by order of the Fayette County Court, March 12, 1859, was duly organized, and completed about five miles of a turnpike road. It does not appear that subsequent to the act of January 31, 1870, or upon the faith of that act, appellant has expended or borrowed any money for the extension of its road, or done any act or incurred any cost or responsibility whatever. Much less does it appear that appellant has promised or agreed to perform or actually performed any act for the benefit of the commonwealth or its citizens in consideration of the exceptional benefits conferred upon it by that act, and which it now claims the right to use and enjoy to the exclusion of all other turnpike companies incorporated since the year 1856.

The act for the benefit of appellant approved January 31, 1870, was a mere gratuity, possessing none of the elements of a contract binding upon the commonwealth, but conferring an exclusive privilege upon the appellant, not now enjoyed by other turnpike companies, that the legislature had the right to repeal and has repealed, leaving appellant to be governed by the general laws applicable to other companies created for like purposes. The judgment is *affirmed*.

*Houston & Mulligan, for appellant.*